IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TIMOTHY BATEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:07-cv-1307 |
| | ) |
| AMERICAN AIRLINES, INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR SANCTIONS, OR IN THE ALTERNATIVE, TO COMPEL DISCOVERY AND TO CONTINUE TRIAL DATE

Plaintiff TIMOTHY BATEMAN, by and through counsel, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves for sanctions against American Airlines, including striking the newly produced documents and waiver of the RIF defense; or in the alternative (1) moves to compel full discovery responses by Defendant American Airlines, (2) seeks leave to take additional deposition(s) of American Airlines' witnesses or to re-call Kent Powell and/or John Tiliacos for deposition, and (3) moves for a continuance of the trial currently set for March 10 and 11, 2009.

## BACKGROUND

The parties completed discovery on January 9, 2009, which included Interrogatories, Request for Production of Documents and the depositions of Plaintiff Timothy Bateman and his first and second line supervisors, Kent Powell and John Tiliacos. Pursuant to the court's scheduling order, Defendant's Motion for Summary Judgment was fully briefed and argued before this court on Thursday, February 12, 2009.

At the oral argument, it became apparent that American Airlines had produced no documentation to support the reduction in force (RIF) of Plaintiff Timothy Bateman, either in discovery or as part of its summary judgment motion. The Honorable Judge Lee ordered Defendant to produce within ten (10) days all documentation in American Airline's possession to support the RIF *prior to* January 2006 when Mr. Bateman was laid off. The requested documentation was to include, at a minimum, a list of employees to be included in the RIF and any other documents which indicated that a RIF would be forthcoming in January 2006.

In response to Judge Lee's specific questions on this point, counsel for American Airlines indicated that he was not aware whether or not such documents existed. Counsel for Timothy Bateman asked for, and was granted, an opportunity to respond and/or object to any documents that would be produced. On Monday, February 23, 2009 at approximately 5:14 p.m., counsel for American Airlines emailed a copy of the requested documents to Plaintiff's counsel. A copy of the documents and letter to Judge Lee are attached hereto as <u>Exhibit A</u> ("the February 23, 2009 documents").

It is important to note that these documents are not entirely responsive to Judge Lee's request for a RIF list. The February 23, 2009 documents are nothing more than budget headcounts and do not purport to direct any specific action be taken with respect to meeting any "target", nor do they set forth a time frame for doing so. In fact, the word "RIF" or "reduction in force" does not appear anywhere on these documents. And these documents obviously do not discuss the names of employees to be included as part of the RIF nor positions which should be targeted for the RIF. For a supposedly wide-spread RIF, there are suspiciously few documents supporting it.

For the reasons set forth herein, the February 23, 2009 documents are not responsive to Judge Lee's request and highly prejudicial to Plaintiff due to their late disclosure. As such, Plaintiff is respectfully asking for an order prohibiting American Airlines' reliance on these documents or the reduction in force as a defense. Alternatively, Plaintiff asks for an order compelling the production of all other documents related to this RIF, leave to take additional depositions of any witnesses with personal knowledge of these and any other RIF documents, an order allowing additional time to subpoena witnesses for trial, and a continuance of the trial date.

## ARGUMENT

1. <u>The Documents Were Not Produced by American Airlines During Discovery</u>

Plaintiff issued Interrogatories and Request for Production of Documents on October 21, 2008. The discovery requests naturally focused on Plaintiff's termination. The documentation and proffered explanations produced on February 23, 2009 for the first time were clearly responsive to many of the requests, for example.

<u>INTERROGATORY NO. 12</u>: With regard to the termination of Plaintiff's employment, please state:
- (a) the specific reason for his separation;
- (b) the person(s) who made the decision to terminate Plaintiff's employment;
- (c) all facts and evidence upon which the defendant relied to terminate Plaintiff's employment;
- (d) the date the decision to terminate Plaintiff's employment was made; and
- (e) the names, race, addresses, and telephone numbers of all persons with knowledge of the facts that led to the separation; and
- (f) the specific subject of which each person has knowledge.

<u>INTERROGATORY NO. 13</u>: If Defendant contends that Plaintiff's position was eliminated as part of a restructuring or reduction in force, please state:
- (a) the specific reason(s) for the restructuring or the reduction in force;
- (b) the date of the decision to implement restructuring or a reduction in force;

3

(c) the names of any other positions eliminated as part of the restructuring or reduction in force, and the name, race, disability (if any), last known address, and last known telephone number of any individuals who lost their jobs as a result of any restructuring or reduction in force;

(d) what other personnel changes were made as part of the restructuring or reduction in force; and

(e) the names of any new positions added or created as a part of the restructuring or reduction in force, and the name, race, last known address, and last known telephone number of any individuals who were placed in any such new positions.

Defendant's responses to these Interrogatories were finally produced by email at 8:47 p.m. on January 8, 2009, the day before discovery closed, and these responses are evasive at best as they fail to specifically identify any employee who was included as part of this RIF and list only a generic response that "Defendant undertook a reduction in force to reduce its operating costs" as the reason for the restructuring. A copy of American Airlines' responses to the Interrogatories is attached hereto as Exhibit B.

Through his Request for Production of Documents, Plaintiff requested a broad category of documents related to the RIF in general and to Plaintiff specifically. A copy of the Request for Production of Documents is attached hereto as Exhibit C. No supporting documentation for the RIF was produced in response to the following Requests:

14. All documentation regarding the decision to terminate Plaintiff's employment, including but not limited to any document supporting that decision.

43. All notes, emails or other documents related to Plaintiff's lay off or separation from employment.

44. All notes, emails or other documents related to other employees whose employment was ended during the same lay off as Plaintiff.

45. All documents regarding any actual or contemplated restructuring or reduction in force at American Airlines, Inc. during the Relevant Time Period.

4

The February 23, 2009 documents produced by American Airlines would have been responsive to some or all of the above requests. As counsel for American Airlines pointed out to the court during oral argument, there was a discussion between counsel to limit the discovery requests so as not to place an undue burden on American Airlines; however the agreement was that American Airlines would produce all documents related to the RIF in which Mr. Bateman was laid off. Any further restriction would be nonsensical, and if American Airlines can only now produce 3 documents, it was hardly an oppressive request.

2. <u>Plaintiff is Highly Prejudiced by this Late Production of Documents</u>

American Airlines has not identified who maintained these documents, who drafted these documents, what information these documents are based on, and most importantly, it has not explained why its own counsel[1] was not even aware of the existence of these documents at the oral argument on February 12, 2009.

Under Federal Rule of Civil Procedure 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e) the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Additionally, Rule 37(b)(2)(A) allows the Court to sanction a party for not obeying a discovery order and authorizes remedies that include "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and (iv) "staying further proceedings until the order is obeyed."

---

[1] Despite the arguments present herein regarding inconsistencies and omissions by American Airlines, undersigned counsel wants to make it perfectly clear that he is not accusing counsel for American Airlines of anything improper or of any fraud upon the court.

5

Accordingly, these newly produced documents should be disregarded by the Court at summary judgment, trial and any other hearing. Moreover, American Airlines should not be permitted to introduce the reduction in force as a defense to Plaintiff's termination due to its failure to produce any documents during discovery, at summary judgment or in its proposed trial exhibits to substantiate a RIF.

American Airlines' failure to produce these documents until two weeks before trial has prejudiced Plaintiff because he has been unable to issue witness subpoenas for necessary witnesses, which may include Kent Powell, John Tiliacos and the as of yet unknown authors of these new documents. In addition to the relief sought above, Plaintiff has shown good cause for an extension of the time allowed in Local Rule 45(E) to issuance of a subpoena and requests additional time to subpoena any necessary witnesses.

3. <u>Alternatively, Plaintiff Should Be Entitled to Additional Discovery and An Continuance of the Trial Date</u>

Should the court allow American Airlines to proceed with the RIF defense or rely upon these newly produced documents, Plaintiff must be given an adequate opportunity to respond to these documents. This late disclosure is not justified under any circumstances, and in fact is quite similar to the circumstances in *Johnson v. Verisign*, 2002 U.S. Dist. LEIX 13229, (E.D. Va. 2002). In *Johnson*, substantial inconsistencies were discovered when witness testimony at trial was compared to affidavits and representations made during the course of the employer's motion for summary judgment. Of paramount importance was the existence of a RIF list identifying employees who were selected for lay off *prior to* the decision being made. In *Johnson*, multiple witnesses

made reference to a RIF, suggesting the existence of a tangible list; however when pressed on the issue the employer and its counsel offered that no such tangible list existed and that it was only a mental list. *Johnson*, at *25-26.

*Johnson* was a case of a fraud being perpetrated upon the court. It is not necessary that the court go so far as to find fraud in this case to award Plaintiff the relief he is requesting, namely additional time to discover the truth or falsity of the explanation proffered by the Defendant.

In its Summary Judgment Memorandum, citing to Kent Powell's deposition testimony, American Airlines argues that "In August or September, 2005, Mr. Powell became aware that American Airlines would perform a reduction in force ("RIF") in early 2006 that would accomplish a reduction of the onboard service department's "head-count", the number of employees in that department. See Def.'s Motion for Summary Judgment, p. 8. Now American Airlines argues in its February 23, 2009 letter and documents that as late as December 15, 2005 there was no need to RIF anyone in the Northeast Region because the actual number of employees was 55 and their target was 55.1 employees.

Base Managers have the responsibility for making the RIF. As such, the only RIF that Kent Powell would have been involved in was a RIF in the Northeast Region. If American Airlines documents from November and early December 2005 show that the Northeast Region was at its target (55 employees and 55.1 target), there would have been no need to discuss a RIF in September 2005.

Moreover, if there were discussions regarding a widespread RIF beginning in August or September, 2005, American Airlines should be able to produce more than just

7

3 pages of documentation. In the *Johnson* case, the employer was able to produce hundreds of pages of documents, yet they could not produce a single document identifying a RIF list. In this case, American Airlines returns to the court with only 3 pages despite arguments in its Reply Brief that "the RIF was large than the Opposition would suggest." See Def's Reply Brief, at 17.

The inconsistencies between the February 23, 2009 documents and prior arguments and deposition testimony by American Airlines need to be reconciled. At this stage of the litigation, it would be appropriate to extend the discovery deadline and order American Airlines to produce every document related to the 2006 RIF. After doing so, Plaintiff should be allowed to take additional deposition testimony so that this Court can determine the veracity of Defendant's proffered non-discriminatory reasons for Mr. Bateman's termination.

## CONCLUSION

For the reasons set forth above, Plaintiff Timothy Bateman asks for the following relief:

1. An order striking the documents produced on February 23, 2009;

2. An order prohibiting American Airlines from relying upon the reduction in force as a legitimate non-discriminatory reason for Plaintiff's termination; and

3. An order allowing Plaintiff additional time to subpoena witnesses for trial.

Alternatively, Plaintiff seeks the following relief:

1. An order compelling American Airlines to produce all documentation related to the 2006 reduction in force;

2. An order granting Plaintiff leave to take additional depositions of American Airlines' witnesses, including but not limited to the author of these

8

documents, the head of the Human Resources Department, and if necessary, a continued deposition of Kent Powell and/or John Tiliacos;

3. An order allowing Plaintiff additional time to subpoena witnesses for trial;

4. A continuance of the trial date to allow sufficient time to complete the above discovery;

5. An award of attorney's fees and costs sufficient to cover the additional time and expense of the relief awarded by the Court; and

6. And any and all other relief the court deems appropriate.

                                                  Respectfully submitted,
                                                  Timothy Bateman
                                                  By Counsel

_____/s/_____
Michael T. Pritchard, Esq. (VSB 65846)
Nealon & Associates, P.C.
119 N. Henry St.
Alexandria, VA 22314
Phone: 703-684-5755
Fax: 703-684-0153
mpritchard@nealon.com
*Counsel for Plaintiff Timothy Bateman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of February, 2009, I electronically filed the foregoing *Plaintiff's Motion to Compel Discovery and to Continue Trial Date* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following,

>Rafael Morell, Esq.
>Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
>2400 N Street, N.W., 5th Floor
>Washington, DC 20037
>Telephone: 202-887-0855
>Facsimile: 202-887-0866
>Email: Rafael.morell@odnss.com
>*Counsel for Defendant*

>/s/
>Michael T. Pritchard, Esq. (VSB #65846)
>Nealon & Associates, P.C.
>119 N. Henry Street
>Alexandria, VA 22314
>Telephone: 703-684-5755
>Facsimile: 703-684-0153
>Email: mpritchard@nealon.com
>*Counsel for Plaintiff*