# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

|  |  |
|---|---|
| TIMOTHY BATEMAN, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>) Civil No. 1:07-CV-1307<br>AMERICAN AIRLINES, INC., )<br>)<br>*Defendant.* )<br>) |  |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES

Defendant American Airlines, Inc. ("Defendant") hereby responds to Plaintiff Timothy Bateman's ("Plaintiff") Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

1. For the person(s) answering these Interrogatories on behalf of American Airlines, Inc., please state your (a) full name, (b) address, (c) phone number, (d) race, and (e) current employment, including employer, and job title. If more than one person is answering these Interrogatories, indicate which individual was responsible for answering and/or assisting in answering each Interrogatory.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

Kent Powell, Field Communications Representative, American Airlines
DFW International Airport
PO Box 619047 MD1166
DFW Airport, TX 75261
Phone: 972-425-4296
Race: Caucasian

Irma Steven, Paralegal

DFW International Airport
PO Box 619047 MD1166
DFW Airport, TX 75261
Phone: 817-931-5596
Race: Caucasian

    2.     Provide the following information regarding Plaintiff for the entire duration of Plaintiff's employment:

    a.    Dates of employment;
    b.    Titles of all positions held, the date each was held, and a description of the job duties and/or responsibilities for each person held;
    c.    Wages paid to Plaintiff for each job and/or position held;
    d.    Dates of all wage increases, the amounts of each wage increase, and the reason for each wage increase;
    e.    Description of all other employment benefits which Plaintiff participated in at the time of his separation (including, but not limited to, medical insurance, dental or vision insurance, life insurance, retirement, profit sharing, performance bonus, incentives, and annuities); and
    f.    For all employment benefits described in subpart (e), state the monthly monetary value of this benefit to Plaintiff (including the monthly premium paid by the employer and the monthly cost, if any, paid by Plaintiff).

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

Date of Hire: 5/28/1985
Date of Termination: 1/11/2006
Job Titles: Reservation Sales Representative, Ticket Agent, Flight Service Supervisor, Flight Service Purser Manager

    3.     Identify each and every person you believe may have knowledge, information, or documents relating to the claims and defenses asserted in the Amended Complaint and Answer, and, for each person listed, identify the knowledge, information or documents each person is believed to possess.

**RESPONSE:**

Kent Powell, Field Communications Representative – Knowledge of RIF
John Tiliacos, Managing Director Onboard Services -- Knowledge of RIF
Karri Akerman, Human Resources Manager -- Knowledge of RIF
Michael Whittle, Human Resources Manager – Aware of injury and leave

2

Tiffany Schildge, Manager, Talent Resources – Knowledge of RIF
Chandra Luce, Injury Manager, Workers' Compensation – Workers' Compensation
Dr. Thomas Bettes, AA Medical -- See Document Nos. 1778 - 2094
Tracy Nelson, AA Medical Nurse Supervisor -- See Document Nos. 1778 - 2094
Betty Lucero, AA Medical RN -- See Document Nos. 1778 - 2094
Betty Malieckal, AA Medical RN -- See Document Nos. 1778 - 2094
Mary Favia, AA Medical RN -- See Document Nos. 1778 - 2094
David Strickler, AA Legal -- See Document Nos. 1778 - 2094
Judy Hunter, AA Paralegal -- See Document Nos. 1778 - 2094
Irma Stevens, AA Paralegal -- See Document Nos. 1778 - 2094

4.  State the full names, address and business telephone numbers of all person you intend to call as expert witnesses at the trial of this matter. Include the following information in your answer(s) to this Interrogatory:

    a.  The subject matter of the facts and/or opinions the person(s) is expected to testify;
    b.  The substance of the facts and/or opinions of the person(s) is expected to testify;
    c.  A summary of the grounds of each proffered fact and/or opinion;
    d.  The basis and experience relied on in calling the individual as an expert witness; and
    e.  The type and amount of compensation paid to the expert witness.

Attach to your answer a copy of any and all written reports produced by your intended witnesses in relation to your claim.

**OBJECTION:** Defendant objects to the interrogatory to the extent it requests information not yet determined by Defendant. Defendant will answer this interrogatory in accordance with the Court's Orders and the Federal Rule of Civil Procedure at a later date.

5.  Please identify each person who had the responsibility for decisions regarding the hiring, firing, supervising, transferring, or disciplining of American Airlines' employees during the Relevant Time Period, including but not limited to the name, race, job title, dates of employment, and last known address and telephone number for each person identified and identify what those responsibilities are.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answer is limited to the persons responsible for discharging Plaintiff:

Kent Powell

6. Please identify each person who had the responsibility for decisions regarding the approval or denial of request for light-duty assignments, approving or ordering leaves of absence, employee's return to work following a leave of absence, or otherwise making accommodations to employees based on a disability or medication condition during the Relevant Time Period, including but not limited to the name, race, job title, dates of employment, and last known address and telephone number for each person identified and identify what those responsibilities are.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory and limiting its answers to Plaintiff's requests, Defendant answers as follows:

Kent Powell

7. Please identify each person responsible for investigating race discrimination complaints, disability discrimination complaints or complaints of retaliation during the Relevant Time Period, including but not limited to the name, race, job title, dates of employment, and last known address and telephone number for each person identified.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

Michael Whittle
4333 Amon Carter Boulevard
Fort Worth, TX 76155
Phone: 817-967-2274
Race: Caucasian

Karri Akerman
4333 Amon Carter Boulevard

Fort Worth, TX 76155

Phone: 817-967-1713

8. Please state in detail all facts known to American Airlines, Inc., regarding Plaintiff's July, 2003 on-the-job injury, including a description of the incident, all persons who were present, all persons to whom the accident was reported, any injuries suffered by Plaintiff and any treatment received by Plaintiff for those injuries.

**RESPONSE:**

Description of incident: As Plaintiff was standing up from chair, he felt a sharp pain in his lower back (see Bates No. 01382).

Witness: Juanita Scattergood

Accident reported to: Daro Bruno (see Bates No. 01382).

Injuries suffered by Plaintiff: Plaintiff alleges having suffered back and neck injuries.

9. Please state in detail any and all requests for leave, light-duty assignments or other accommodations by Plaintiff during the Relevant Time Period, including the specific type of request, to whom the request was made, whether the request was granted, and if not, why was the request not granted.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

Requests for Leave: August 13, 2003 Plaintiff requested Family Leave.

Requests for Light Duty/Accommodations: January 5, 2005, Plaintiff requested a "reasonable accommodation" for return to his then-current position, but due to the severity of his restrictions, Defendant was unable to accommodate Plaintiff beyond extending his leave of absence. Plaintiff did not seek accommodation for other positions with American Airlines. In early April, 2005, Plaintiff again sought accommodation for return to his then-current position, but due to the severity of his restrictions, which were very similar to those listed in his January,

2005 request, Defendant was unable to accommodate Plaintiff beyond extending his leave of absence. Plaintiff did not seek accommodation for other positions with American Airlines. Plaintiff again sought accommodation on September 22, 2005 for return to his then-current position, but due to the severity of his restrictions, which were very similar to those listed in his previous requests, Plaintiff was unable to accommodate Plaintiff beyond extending his leave of absence. Plaintiff again did not seek accommodation for other positions with American Airlines.

10. Please identify every employee who received leave, light-duty assignments or other accommodations based on a medical condition and/or disability during the Relevant Time Period, including but not limited to:

    a. The name, address, phone number, race and job title of the employee;
    b. The name, address, phone number, race and job title of the person approving the request;
    c. The leave, light duty assignment or other accommodation that was provided;
    d. The date(s) and duration of any such leave, light duty assignment or other accommodation.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

In 2006, Kathy Potts, Flight Service Manager, was placed on light-duty at her request for a period of approximately four months, during which she performed all duties except those involving flying. Ms. Potts requested light-duty due to severe migraine headaches.

To Defendant's knowledge, no other members of management at Washington Base during the relevant period received leave, light-duty assignments, or other accommodations based on a medical condition and/or disability.

11. Please identify all person(s) to whom Plaintiff reported any complaint of discrimination based on his medical condition and/or disability, discrimination based on his race or any complaint of retaliation, including but not limited to:

a. The name, address, phone number, race and job title of any such person;
b. The specific details of Plaintiff's complaint;
c. The date and nature of such complaint, whether verbal, in writing or otherwise; and
d. Identify all documents related to any such report.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

Plaintiff did not report any complaint of discrimination prior to filing his 2005 administrative charge.

12. With regard to the termination of Plaintiff's employment, please state:

   a. The specific reason for his separation;
   b. The person(s) who made the decision to terminate Plaintiff's employment;
   c. All facts and evidence upon which the defendant relied to terminate Plaintiff's employment;
   d. The date the decision to terminate Plaintiff's employment was made; and
   e. The names, race, addresses, and telephone numbers of all persons with knowledge of the facts that led to the separation; and the specific subject of which each person has knowledge.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

Reasons for separation: In order to reduce operating costs, Defendant undertook a Reduction in Force in January 2006. Plaintiff was evaluated against Dana Turner, who was also a Purser Manager at the Washington Base. Plaintiff was chosen for termination because his performance was inferior to that of Dana Turner.

Specific person: Kent Powell

All facts relied upon: See Bateman 2003 Performance Evaluation (Bates No. 02201 – 02205) and Turner 2003 Performance Evaluation (Bates No. 02207 – 02212).

Date decision made: January 9, 2006

Persons with knowledge: Kent Powell, John Tiliacos, Karri Akerman, Tiffany Schildge (for additional information, see above responses).

13. If Defendant contends that Plaintiff's position was eliminated as part of a restructuring or reduction in force, please state:

    a. The specific reasons(s) for the restructuring or the reduction in force;
    b. The date of the decision to implement restructuring or a reduction in force;
    c. The names of any other positions eliminated as part of the restructuring or reduction in force, and the name, race, disability (if any), last known address, and last known telephone number of any individuals who lost their jobs as a result of any restructuring or reduction in force;
    d. What other personnel changes were made as part of the restructuring or reduction in force; and
    e. The names of any new positions added or created as a part of the restructuring or reduction in force, and the name, race, last known address, and last known telephone number of any individuals who were placed in any such new positions.

**RESPONSE:**

Specific reasons: Defendant undertook reduction in force to reduce operating costs.

Dates Made: October/November 2005

Other positions eliminated: Manager on Duty position eliminated; Flight Attendant "Ramper" position eliminated. No other individuals lost job; open position for Manager on Duty eliminated.

New Positions Added or Created: None

14. If Defendant contends that Plaintiff did not perform his duties to its expectations, please provide the following information:

    a. Each and every job duty Plaintiff did not perform to Defendant's expectations;
    b. Why each job duty performed by Plaintiff did not meet Defendant's expectations;
    c. The date of each job duty that Plaintiff did not perform to Defendant's expectations;
    d. The date of each notification to Plaintiff that his job performance was not meeting Defendant's expectations;
    e. The manner and method (e.g. written, verbal, etc.) Defendant used each time to notify Plaintiff that his performance was not meeting its expectations;

f. The name, dates of employment, and job title of each person who communicated with Plaintiff concerning his performance;
g. Any remedial or training measures taken by Defendant to correct Plaintiff's alleged performance problem; and
h. Whether Plaintiff's performance improved.

**RESPONSE:**

See Bateman 2003 Performance Evaluation (Bates No. 02201 – 02205). Plaintiff received a rating of "D" ("Needs Development") in 13 categories of his evaluation.

15. Please state the full factual basis for denying paragraph 2 of the Amended Complaint which states "Plaintiff exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), receiving a Right to Sue Notice on September 26, 2007 and filing this action within ninety (90) days of such notice."

**RESPONSE:**

In Plaintiff's 2006 charge of discrimination, he alleged that he was discharged in retaliation for having previously filed a charge of discrimination in 2005. Plaintiff's 2006 charge of discrimination does not allege that he was discharged based on a disability or based on his race.

16. Please state the full factual basis for your Eight Affirmative Defense which states "The Complaint is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities, or to avoid harm," including but not limited to identifying all preventative or corrective actions taken by American Airlines and which preventive or corrective opportunities Plaintiff failed to take advantage of.

**RESPONSE:**

Plaintiff never reported his allegations of discrimination to Defendant prior to filing his 2005 charge of discrimination.

17. Identify and describe, in detail, all individuals(s) who replaced Plaintiff and/or assumed, in whole or in part, his duties and responsibilities during the period that Plaintiff was on his leave of absence and after his separation from employment. For each, list:

- a. Name, race, address, job title, dates of employment, and telephone number;
- b. Whether the individual has a physical and/or mental impairment, and if so, describe in detail the nature and substance of the impairment, the date when Defendant became aware of the impairment, and the name, job title, and dates of employment of the person(s) who became aware of the impairment;
- c. Job duties and responsibilities assumed; and
- d. If such employee is no longer employed by Defendant and/or no longer assumes, in whole or in part, Plaintiff's duties, explain why.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

Dana Turner, Caucasian
310 Archer Court
Berryville, VA 22611
540-955-0128
Job duties are those of Pursuer Manager, the same position held by Plaintiff at the time of his termination.

18. State whether Defendant or any employee and/or other agent of Defendant has taken or received any statement, either orally or in writing, from any person who has any information or knowledge relating to Plaintiff's claim, or any defense thereto. If so, as to each such person who has made such a statement, provide:

- a. Name, race, address, telephone number, job title, and dates of employment;
- b. The date of any such statement and whether oral or in writing; and
- c. The substance of any such statement.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

Defendant has received statements from Kent Powell and John Tiliacos regarding this case.

19. For the period January 1, 2003, through the present, has any employee at the facility where Plaintiff worked ever filed any internal complaint with Defendant, a charge with any governmental agency, and/or a complaint with any federal and/or state court against Defendant alleging retaliation or discrimination based on race or disability? If so, for each:

> a. State the name, race, dates of employment, job title, telephone number, and address of the person(s) who filed the complaint, charge and/or action;
> b. State the court, agency or department in which the charge, complaint and/or action was instituted or is pending;
> c. State the employment history (e.g. job title, dates of hire/discharge, discipline, violation of employee handbook) with Defendant of the person(s) who filed the complaint, charge and/or action;
> d. State the date the complaint, charge and/or action was filed;
> e. State the cause or charge number for such charge, complaint and/or action;
> f. Describe in detail the assertions made in the complaint, charge and/or action; and
> g. Describe in detail all actions taken on the basis of said complaint, charge and/or action and whether it is still pending.

**RESPONSE:** Without waiving Defendant's previous objection to this interrogatory, Defendant answers as follows:

There have been no complaints of discrimination based on race, disability, and retaliation filed against Kent Powell or John Tiliacos.

Rafael E. Morell, VSB No. 47204
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
Phone: (202) 887-0855
Fax: (202) 887-866
Rafael.Morell@odnss.com

*Attorney for Defendant*

Dated: January 8, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TIMOTHY BATEMAN, | ) |
| *Plaintiff,* | ) |
| v. | ) Civil No. 1:07-CV-1307 |
| AMERICAN AIRLINES, INC., | ) |
| *Defendant.* | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2009, I delivered, via electronic mail, the foregoing Responses to Plaintiff's First Set of Interrogatories to the following:

Michael T. Pritchard, Esq.
Nealon & Associates, P.C.
119 N. Henry Street
Alexandria, VA 22314

_____
Rafael E. Morell, VSB No. 47204
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
Rafael.Morell@odnss.com
Phone: (202) 887-0855
Fax: (202) 887-0866

6924549.1 (OGLETREE)

# VERIFICATION

I am an authorized agent of American Airlines, Inc. ("Defendant") and am authorized to make this verification for and on its behalf with respect to Defendant's Response to Plaintiff's First Interrogatories and I make this verification for that reason. I am informed and believe on that ground that the matters stated in the foregoing Defendant's Response to Plaintiff's First Interrogatories are true.

_____
Kent Powell

Dated: January 8, 2009

6924546.1 (OGLETREE)