IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TIMOTHY BATEMAN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No: 1:07-cv-1307 |
| AMERICAN AIRLINES, INC. | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF TIMOTHY BATEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN AIRLINES, INC.

Plaintiff TIMOTHY BATEMAN, by and through counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, propounds the following Interrogatories upon Defendant AMERICAN AIRLINES, INC. and requests that Defendant answer separately and fully in writing, under oath, within thirty (30) days after service, to Nealon & Associates, P.C., 119 N. Henry, St., Alexandria, VA 22314.

### DEFINITIONS AND INSTRUCTIONS

(A) Each of the following Requests shall be deemed to be continuing to the extent permitted by the Federal Rules of Civil Procedure, and you are requested to provide supplemental answers containing such additional information as may be hereafter obtained by you or any person acting on your behalf (including counsel) and such information as will augment or otherwise modify any answers provided to the Requests below. Such supplemental responses should be filed and served upon the undersigned counsel for Plaintiff promptly upon receipt of such information.

(B) In each case where you object to, or otherwise decline to answer a Request or any portion of any Request:

1

(1) If Defendant objects to, or otherwise declines to answer any portion of any Request, please provide all information called for by that portion of the Request to which you do not object, or to which you do not decline to answer.

(2) If you do not answer any Request or any portion thereof, please indicate each person or organization that you believe has information regarding the subject of such Request or objection thereto.

(3) If you object to any Request on the ground that it is too broad (i.e. that it calls for both information that is relevant to the subject matter of the action and information that is not relevant), please provide such information as is conceivably relevant.

(4) If you object to a Request on the ground that providing as answer would constitute an undue burden, please provide such requested information as can be supplied without undertaking an undue burden. Identify the number and nature of documents that need to be searched and/or reviewed, the extent of undue burden, the estimated number of hours the search and/or answer would require and the estimated cost of such a search.

(5) For those portions of any Request to which you object or otherwise decline to answer, state the reason for such objection or declination and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted. Please identify those facts supplied by information and belief, rather than actual knowledge, and specifically describe or identify the source of such information and/or belief.

(6) If your objection to all or any portion of any Request is based upon privilege, identify each such statement or documents including for which the privilege is claimed and provide the following:

    (a) With respect to statements provide the (i) date, (ii) name of each person present when the statement was made, and (iii) basis upon which the privilege is claimed; and

    (b) With respect to each document provide the (i) date, (ii) sender(s), (iii) addressee(s), (iv) number of pages, (v) subject matter, (vi) names of all persons to whom copies of any part of the document were furnished, together with an identification of their employees, if any, and their job description, (vii) the present location of the document and its custodian(s); and (viii) the basis on which the privilege is claimed.

(C) If any of the things requested or identified was at any time in Defendant's possession, but has become lost or is no longer in existence, then so state, specifying for each document or thing:

    (i)    the type of document or thing;
    (ii)   the type of information contained therein;
    (iii)  the date upon which it left Defendant's possession;
    (iv)  the identity of all persons having knowledge of the circumstances under which the document or thing left Defendant's possession; and

(v) the identity of all persons having knowledge or who had knowledge of the contents thereof.

If a document has been destroyed, the response should state the reason destruction and the identity of the person or persons who destroyed document and who directed that the document be destroyed. If there are no known documents responsive to a Request, please state so.

(D) The term "you" or "yours" or "American Airlines" or "Defendant" refers to Defendant American Airlines, Inc. and its predecessor corporations, if any, and to its present or past officials, officers, employees, agents and representatives, including attorneys and any employee, agent, investigator or representative of its attorneys who are in possession of or may have obtained information concerning the claims or defenses asserted in this action.

(E) The terms "individual," "person(s)," or "personnel" mean, in the plural as well as singular, any natural person, corporation, firm, partnership, organization, team, municipality, political subdivision or other form of business or public entity.

(F) As used herein, the term "communication" or "communications" refers to any contacts or conversations, written or oral, including but not limited to e-mail, telephone calls, memoranda, letters, or meetings, and all documents regarding such contacts or conversations.

(G) As used herein, the term "Personnel File(s)" refers to any documents maintained in any location by Defendant or Defendant's agents relating to the designated individual's or designated individuals' employment with Defendant, regardless of whether it is an "official" personnel file, and including, but not limited to, the following:
(1) wage and compensation histories;
(2) supervisor files (including any daytimer, calendar, PDA printout, diary, or other documentation kept by or on behalf of Plaintiff's supervisors that contain any notes or appointments regarding the compensation, job duties, assignments, job performance, or complaints of discrimination or retaliation of the designated individual or individuals);
(3) job descriptions;
(4) awards or other recognition;
(5) summaries of objectives and accomplishments;
(6) performance appraisals or reviews;
(7) career development or career planning documents

(H) Unless otherwise specified herein, the period for which information is requested is <u>January 1, 2003 through the present</u> (the Relevant Time Period).

# REQUESTS FOR PRODUCTION

PLEASE PRODUCE THE FOLLOWING ITEMS:

1. Plaintiff's entire personnel file.

2. All documents not in Plaintiff's Personnel File that relate to Plaintiff's employment, including but not limited to all e-mails, memos, or notes concerning Plaintiff's performance, attendance, professionalism, conduct, and including all feedback from customers, supervisors, or coworkers about Plaintiff.

3. All job descriptions for positions held by Plaintiff during his employment.

4. All employee handbooks, including drafts and prior versions, which existed during Plaintiff's employment.

5. All organization charts for American Airlines, Inc. during the Relevant Time Period.

6. All documentation related or pertaining to Defendant's policies, practices, and procedures during the Relevant Time Period for attendance and leaves of absence, whether voluntary or involuntary, including, but not limited to, all changes to or versions of said policies, practices, and procedures.

7. All documentation related or pertaining to Defendant's policies, practices, and procedures during the Relevant Time Period for temporary or permanent filling of positions due to an employee's use of a leave of absence, whether voluntary or involuntary, including, but not limited to, all changes to or versions of said policies, practices, and procedures.

8. All documentation related or pertaining to Defendant's policies, practices and procedures during the Relevant Time Period for light-duty assignments, including requests for light-duty assignments, procedures for approving/denying light duty assignments and criteria used for approving/denying light duty assignments.

9. All documentation related or pertaining to Defendant's policies, practices and procedures during the Relevant Time Period for reporting on the job accidents and/or injuries.

10. All documentation related or pertaining to Defendant's policies, practices and procedures during the Relevant Time Period for layoffs and/or reductions in force.

11. All documentation related or pertaining to Defendant's policies, practices and procedures during the Relevant Time Period for recalling employees from leaves of absence, layoffs and/or reductions in force.

12. All documentation related or pertaining to Defendant's policies, practices, and procedures during the Relevant Time Period for reporting formal or informal complaints by employees of discrimination based on race, discrimination based on disability, or retaliation for having complained about harassment or discrimination on the basis of race or disability, including, but not limited to, all changes to or versions of said policies, practices, and procedures.

13. All documentation related or pertaining to Defendant's policies, practices, and procedures during the Relevant Time Period for investigating formal or informal complaints by employees of discrimination based on race, disability or retaliation for having complained about harassment or discrimination based on race or disability, including, but not limited to, all changes to or versions of said policies, practices, and procedures.

14. All documentation regarding the decision to terminate Plaintiff's employment, including but not limited to any document supporting that decision.

15. All job posting, advertisements and announcements for positions held by Plaintiff during the Relevant Time Period.

16. Kent Powell's personnel file.

17. John Tiliacos's personnel file.

18. Dana Turner's personnel file.

19. Karen Hill's personnel file.

20. Any other documentation related to light duty assignments, leaves of absence or accommodations Karen Hill requested or received from Defendant.

21. Patricia Matthews' personnel file.

22. Any other documentation related to light duty assignments, leaves of absence or accommodations Patricia Matthews requested or received from Defendant.

23. Ladonnys Biagas' personnel file.

24. Any other documentation related to light duty assignments, leaves of absence or accommodations Ladonny Biagas requested or received from Defendant.

25. Dorina Washington's personnel file.

26. Any other documentation related to light duty assignments, leaves of absence or accommodations Dorina Washington requested or received from Defendant.

27. Sharyn Holley's personnel file.

28. Any other documentation related to light duty assignments, leaves of absence or accommodations Sharyn Holley requested or received from Defendant.

29. Shanta Hudson's personnel file.

30. Any other documentation related to light duty assignments, leaves of absence or accommodations Shanta Hudson requested or received from Defendant.

31. Fran Dillard's personnel file.

32. Any other documentation related to light duty assignments, leaves of absence or accommodations Fran Dillard requested or received from Defendant.

33. James Zargosa's personnel file.

34. Any other documentation related to light duty assignments, leaves of absence or accommodations James Zargosa requested or received from Defendant.

35. Kel Graves' personnel file.

36. Any other documentation related to light duty assignments, leaves of absence or accommodations Kel Graves requested or received from Defendant.

37. All notes, emails or other documents related to Plaintiff's on-the-job injury or any other medical condition or disability.

38. All notes, emails or other documents related to any work restrictions affecting Plaintiff's job, attendance or performance of his duties.

39. All notes, emails or other documents related to Plaintiff's requests for a leave of absence or placement on a leave of absence.

40. All notes, emails or other documents related to Plaintiff's requests to return to work following his leave of absence or Defendant's offers to return Plaintiff to work following his leave of absence.

41. All notes, emails or other documents related to Plaintiff's complaints of discrimination based on race or disability.

42. All notes, emails or other documents related to Plaintiff's complaints of retaliation.

43. All notes, emails or other documents related to Plaintiff's lay off or separation from employment.

44. All notes, emails or other documents related to other employees whose employment was ended during the same lay off as Plaintiff.

45. All documents regarding any actual or contemplated restructuring or reduction in force at American Airlines, Inc.. during the Relevant Time Period.

46. All documents regarding any other complaint of race-based discrimination, disability-based discrimination, or retaliation made by any American Airlines employee, including but not limited to documentation of any related investigation or consequences.

47. All documentation regarding the processes and practices of Defendant during the Relevant Time Period for maintaining and preserving data relating to employees, including, but not limited to, the following documents:
    a. Personnel files;
    b. Salary records;
    c. Payroll reports;
    d. Job descriptions;
    e. Performance appraisals;
    f. Supervisor files; and
    g. Documents completed by employees or their supervisor(s) that describe accomplishments or performance results.

48. All documentation regarding Defendant's policies, practices, and procedures during the Relevant Time Period for retaining and destroying corporate documents, including, but not limited to, e-mails, electronic calendars, and documents stored on computers.

49. All documentation regarding Defendant's communications with the Equal Employment Opportunity Commission (EEOC) regarding Plaintiff's Charge of Discrimination, including but not limited to any position statement submitted to the EEOC and any response to EEOC requests for information or documents.

Respectfully submitted,
Timothy Bateman
By Counsel

_____
Michael T. Pritchard, Esq. (VSB 65846)
Nealon & Associates, P.C.
119 N. Henry St.
Alexandria, VA 22314
Phone: 703-684-5755
Fax: 703-684-0153
mpritchard@nealon.com
*Counsel for Plaintiff Timothy Bateman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2008, I delivered by first-class pre-paid mail the foregoing *Plaintiff's First Request for Production of Documents to Defendant American Airlines, Inc.* to the following:

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
2400 N Street, N.W., 5th Floor
Washington, DC 20037
Telephone: 202-887-0855
Facsimile: 202-887-0866
Email: Rafael.morell@odnss.com
*Counsel for Defendant*

_____
Michael T. Pritchard, Esq. (VSB #65846)
Nealon & Associates, P.C.
119 N. Henry Street
Alexandria, VA 22314
Telephone: 703-684-5755
Facsimile: 703-684-0153
Email: mpritchard@nealon.com
*Counsel for Plaintiff*